| Attorney or Party Name, Address, Telephone & Fax Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID B. GOLUBCHIK (SBN 185520)<br>KRIKOR J. MESHEFEJIAN (SBN 255030)<br>LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.<br>2818 La Cienega Avenue<br>Los Angeles, California 90034<br>Telephone: (310) 229-1234; Facsimile: (310) 229-1244<br>Email: DBG@LNBYG.COM; KJM@LNBYG.COM<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Chapter Debtor in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>NOBILITY MANAGEMENT, LLC, a California limited liability company,<br><br>Debtor and Debtor in Possession. | CASE NO. 1:23-bk-10657-MB<br><br>CHAPTER 11<br>(Subchapter V)<br><br>**SUBCHAPTER V STATUS REPORT**<br><br>**Status Conference**:<br>DATE: June 27, 2023<br>TIME: 1:30 p.m.<br>COURTROOM: VIA ZoomGov<br>**URL:** https://cacb.zoomgov.com/j/1618540280<br>**Meeting ID:** 161 854 0280<br>**Password:** 635812<br>**Telephone:** 1 (669) 254 5252 or 1 (646) 828 7666 |
|---|---|

**Status Conference Location:**

☐ 255 East Temple Street, Los Angeles, CA 90012

☐ 411 West Fourth Street, Santa Ana, CA 92701

☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367

☐ 1415 State Street, Santa Barbara, CA 93101

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**
- 1 -

☐ 3420 Twelfth Street, Riverside, CA 925

**TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE SUBCHAPTER V TRUSTEE, ALL PARTIES IN INTEREST, AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that the debtor and debtor-in-possession in this case ("Debtor") is proceeding under subchapter V of chapter 11 of Title 11 of the United States Code ("Bankruptcy Code" or "U.S.C."),[1] and the Bankruptcy Court will hold a status conference at the date, time, and place set forth above. The Debtor is filing this Status Report pursuant to 11 U.S.C. § 1188(c) and LBR 2015-3(b).[2] Check your presiding judge's procedures to see if, in addition to this Status Report, you must also file Local Form F 2081-1.1.C11.STATUS.RPT, or any other form of Status Report.

**1. <u>The Plan:</u>**

1.1 What type of plan will the Debtor propose?

☐ Consensual (i.e., with agreement or consent of creditors and other interested parties)
☐ Nonconsensual[3]
☒ Undetermined

1.2 Explain why the Debtor expects the plan to be consensual or nonconsensual, or the reason why it is undetermined at this time:

The Debtor is still evaluating all of its options, including a plan of reorganization. Additionally, the Debtor is in discussions with the landlord of the Debtor's Calabasas, California business location, regarding amendments to the Debtor's lease. The outcome of such negotiations will impact the Debtor's plan in this case. Moreover, the Debtor is a defendant in litigation with the United States, and the outcome of that litigation will have a significant impact upon the Debtor's plan of reorganization. The Debtor and its affiliate defendants have filed a motion to dismiss the United States' complaint, and that motion to dismiss is pending. As set forth in the *Supplemental Declaration Of Mark Rabinovich In Support Of*

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020. All references to "Section" or "§" are to the Bankruptcy Code or Title 11 of the United States Code.

[2] "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c).

[3] The term "nonconsensual plan" for purposes of this Status Report means a plan confirmed under § 1191(b).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**
- 2 -

*Chapter 11 Petition And Debtor's Emergency Motion To Pay Pre-Petition Priority Wages Of Non-Insider Employees* ("Rabinovich Declaration") (Doc 26) filed on May 30, 2023, the "Modern Vascular" enterprise was dealt a crippling blow in February 2023, when Medicare suspended (but did not terminate) payments. Whether such suspension will be lifted, and when, will impact the Debtor's plan.

1.3 Will the Debtor file the plan within the deadline of 90 days from the petition date imposed by § 1189(b)?

☒ Yes
☐ No

If "No," explain why, and state when the Debtor will file its[4] plan:

n/a

1.4 Please summarize the basic nature of the plan:

Undetermined at this time.

## 2. Efforts Toward Consensual Plan:[5]

2.1 Describe the efforts the Debtor has taken so far to obtain the consent of creditors for a consensual plan:

Debtor has had preliminary discussions with its landlord at real property located at 26025 Mureau Rd., Suite 110, Calabasas, CA 91302, regarding modifications to the Debtor's lease.

2.2 Describe the efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan:

Continued discussions with creditors and subchapter v trustee.

2.3 Describe the efforts that Debtor has taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtor's reasons for not reaching out to creditors and parties in interest about a plan: The Debtor's most immediate area of focus has been on addressing its situation with its landlord. This bankruptcy case was filed as a result of a three-day notice to pay rent or quit issued by the Debtor's landlord. Because the Debtor's business location is the central location for

[4] In this Status Report, "it" in referring to the Debtor also refers to "him" or "her."

[5] This Status Report does not ask the Debtor to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**
- 3 -

personnel providing support to clinics, the filing was initiated to avoid further disruption to operations, and to allow the Debtor some time to try to negotiate modified Lease terms that are financially and logistically suitable for the Debtor's current business operations, or otherwise identify an alternative space for operations and allow for a organized transition to a new space so as to minimize disruptions to business operations and employees. The Debtor is in discussions with the landlord regarding lease modifications that will allow the debtor to remain in its present location (albeit in a smaller space, at reduced rent). Those discussions are ongoing and have been the primary focus of the Debtor. Once the Debtor obtains clarity regarding its issues with the landlord, as well as the United States' lawsuit, the Debtor will be in a better position to engage in discussions with creditors.

2.4 Identify the parties with whom the Debtor has discussed a plan. Select all that apply: N/A

☐ Secured creditors
☐ Priority creditors
☐ Unsecured creditors
☐ Equity interest holders
☐ The subchapter V trustee
☐ Others (describe: <fill in>)

**3. Appointment of Committees and Disclosure Statement:**

3.1 In the Debtor's view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

☐ Yes
☒ No

Explain your answer:

The Debtor does not believe it would be in the best interests of the estate for a Committee to be appointed in this case, particularly in light of the Debtor's current operations, cash position, and assets and liabilities.

3.2 In the Debtor's view, is there any "cause" for the Court to order the filing of a separate disclosure statement pursuant to § 1181(b) and § 1125?

☐ Yes

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**
- 4 -

☒ No

Explain your answer:

The Debtor submits that the additional costs associated with the preparation and dissemination of a separate disclosure statement outweigh any perceived benefits, particularly in light of the nature of the Debtor's bankruptcy case, the scope and extent of the Debtor's assets and liabilities, and the Debtor's operations.

**4. <u>Reporting Compliance:</u>**

4.1 Has the Debtor filed all the documents required under § 1187(a)?[6]

☐ Yes
☒ No

If "No," identify the documents that were required to be filed[7] but were not:

☐ (a) the Debtor's most recent balance sheet

☐ (b) the most recent statement of the Debtor's operations

☒ (c) the Debtor's most recent cash-flow statement

☐ (d) the Debtor's most recent Federal income tax return

Has the Debtor filed a statement under penalty of perjury that the Debtor has not prepared a balance sheet, statement of operations, and/or cash-flow statement and/or that Debtor has not filed its Federal income tax return as required by § 1116(1)(B)?

☒ Yes, See Docket No. 22.
☐ No
☐ Not applicable

If "Yes," identify each unprepared or unfiled document, and explain why the document was not prepared or filed and how the Debtor intends to prepare or file the document:

[6] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.

[7] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**
- 5 -

See ECF Dkt No. 22. The Debtor has not prepared a cash-flow statement. The Debtor will prepare one if required.

4.2   Has the Debtor filed all Small Business Monthly Operating Reports (Official Form B 425C) ("MORs") as required under § 308?

☐   Yes

☒   No, because the Debtor's first monthly operating report is not due yet.

If "No," or if portions of the MORs are deficient, identify which portions are deficient or not reported fully:

☐   (a) Reports regarding Debtor's profitability

☐   (b) Reports regarding reasonable approximations of projected cash receipts and disbursements over a reasonable period

☐   (c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports

☐   (d) Reports regarding whether the Debtor is (i) in compliance in all material respects with postpetition requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (ii) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due

☐   (e) Reports regarding Debtor's failure to make either of the reports in the immediately preceding paragraph (d) (as required by § 308(b)(5))

☐   (f) Reports regarding such other matters as are in the best interests of the Debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11

For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

The Debtor's first monthly operating report, for the period of May 15 – 31, 2023, is due on June 21, 2023.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                    **F 2015-3.1.SUBV.STATUS.RPT**

- 6 -

## 5. Other Code Compliance:

5.1 Did the Debtor attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

☒ Yes, 341 meeting of creditors held on June 8, 2023 and continued to July 13, 2023

☐ No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.2 Has the Debtor filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

☒ Yes, though the Debtor intends to further amend its Schedules of Assets and Liabilities to provide additional information regarding the balance sheet it attached as Attachment B to its Schedules of Assets and Liabilities.

☐ No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.3 Has the Debtor maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

☒ Yes

☐ No

If "No," explain why and when the Debtor intends to comply with this requirement:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**

- 7 -

5.4 Has the Debtor timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

☒ Yes, although the Debtor requested an extension to file tax returns for 2022.
☐ No

If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

5.5 Has the Debtor allowed the United States Trustee to inspect the Debtor's premises, books, and records, and otherwise complied with § 1116(7)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with this requirement:

**6. <u>Cash Collateral:</u>**

6.1 Does any entity assert that any property of the bankruptcy estate constitutes its cash collateral?

☐ Yes
☒ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

6.2 Is the Debtor currently using, selling, and/or leasing any property of the bankruptcy estate that any entity contends is its cash collateral?

☐ Yes
☒ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**

- 8 -

6.3 Since the filing of this bankruptcy case, has the Debtor used, sold, and/or leased any property of the bankruptcy estate that an entity contends is its cash collateral?

☐ Yes
☒ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

6.4 Has the Court approved any orders authorizing the use of cash collateral?

☐ Yes
☒ No

6.5 Has every entity having any interest in cash collateral that is property of the bankruptcy estate consented to its use?

☐ Yes
☐ No
☒ Not applicable

**7. <u>"First Day" Motions:</u>**

7.1 Has the Debtor filed any of the following "first day" motions, if applicable:

☐ Cash collateral
☐ DIP financing
☒ Prepetition non-insider wage payments
☐ Cash management authority
☐ Utilities
☐ Limit notice
☐ Joint administration
☐ Critical vendor
☐ Others (describe: <fill in>)

7.2 Do prepetition plan support agreements exist?

☐ Yes
☒ No

If "Yes," attach copies to this Status Report.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**

- 9 -

## 8. Additional Information:

8.1 What additional information would the Debtor like to disclose to the Court concerning this chapter 11 case or the plan (e.g., executory contracts or unexpired leases, extending bar date for proofs of claims or interests, sale or surrender of real and/or personal property, the Debtor's exit strategy)?

Additional information is set forth in the Supplement to this Status Report attached hereto, as well as in the Rabinovich Declaration filed on May 30, 2023 at Docket No. 26.

*[Signature(s) on Following Page]*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**

- 10 -

Dated: June 13, 2023

Respectfully submitted,

Krikor J. Meshefejian
Name of Debtor's Counsel

/s/ Krikor J. Meshefejian
Signature of Debtor's Counsel

Name of Law Firm: Levene, Neale, Bender, Yoo & Golubchik L.L.P.
Address: 2818 La Cienega Avenue
Los Angeles, California 90034
Telephone number: (310) 229-1234
Email Address: DBG@LNBYG.COM

I/we declare, under penalty of perjury, that I/we have read and reviewed all of the information provided in this Status Report and that it is true, correct, and accurate.

Dated: June 13, 2023

Mark Rabinovich
Name of Debtor/Debtor Representative

Manager and Member
Relation to Debtor

______________________________
Signature of Debtor/Debtor Representative

Dated: ________________

______________________________
Name of Co-Debtor (if any)

______________________________
Signature of Co-Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**

- 11 -

DAVID B. GOLUBCHIK (SBN 185520)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; KJM@LNBYG.COM

Proposed Attorneys for Chapter 11 Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

In re:

NOBILITY MANAGEMENT, LLC, a California limited liability company,

Debtor and Debtor in Possession.

Case No. 1:23-bk-10657-MB
Chapter 11 Case

[Subchapter V Election]

**DEBTOR'S SUPPLEMENT TO "SUBCHAPTER V FORM STATUS REPORT"**

Nobility Management, LLC, the debtor and debtor in possession in the above-referenced Chapter 11 bankruptcy case ("Debtor"), respectfully submits this supplement to the Subchapter V Status Report [Local Form F 2015-3.1 SUB.STATUS.RPT], to address the specific questions in the Court's order setting status conference [Case Dkt. 4], to the extent not already covered by the form status report to which this supplement is attached.

<u>Description of the Debtor's Business and Operations; Principal Assets and Liabilities</u>

The nature of the Debtor's business is set forth in greater detail in the *Supplemental Declaration of Mark Rabinovich in Support of Chapter 11 Petition and Debtor's Emergency Motion to Pay Pre-Petition Wages of Non-Insider Employees* ("<u>Rabinovich Declaration</u>") (Doc 26)[1]. Briefly, the Debtor is a medical billing and management services company that provides

[1] At the Section 341(a) meeting of creditors that took place on June 8, 2023, the Debtor was asked by the United States Trustee to file a supplemental declaration in connection with the

digital marketing, administrative, and billing services to various affiliated outpatient clinics. The Debtor's principal place of business is located at 26025 Mureau Rd., Suite 110, Calabasas, CA 91302 (the "Property"). The Debtor leases the Property from Calmur, LLC (the "Landlord") pursuant to a Modified Gross Lease (the "Lease").

## A. What Precipitated the Filing of this Case; Principal Business and Financial Problems facing the Debtor?

The impetus of the filing of this bankruptcy case was the Landlord's issuance of a three-day notice to pay rent or quit on May 12, 2023. Since March of 2023, the Debtor experienced a severe cash flow shortfall as a result of suspension of Medicare payments to some of the clinics for which the Debtor performs billing services. As a result, both in April and in May of 2023, the Debtor did not have sufficient cash to meet two large expenditures which accrue in the beginning of the month: the payroll for the last 15 days of the prior month payable on the 6th day of the month and the rent payable by the 5th day of the month. The vast majority of the Debtor's unsecured debt consists of guarantees of debts of the Debtor's operating and related affiliates. As a result, the vast majority of the debt in this case is contingent and unliquidated. In December 2022, the Department of Justice also intervened in a *qui tam* action against Modern Vascular.[2]

### What Does the Debtor Hope to Accomplish?

The Debtor is presently negotiating with its landlord regarding the terms of the Lease and potential modifications which would allow the Debtor to continue to occupy the Property, with less square footage, and reduced rent. As stated above, if the Debtor is unable to come to an agreement with the landlord, the Debtor intends to reject the Lease. Through this bankruptcy, the Debtor intends to restructure its operations, rebrand, and, if necessary, find strategic partners. At the same time, the Debtor and its affiliates intend to continue defending the DOJ Lawsuit to

---

Debtor's Schedules of Assets and Liabilities and Attachment B to the Debtor's Schedules, by June 30, 2023. The Debtor will prepare and file such a supplemental declaration.

[2] *United States ex rel. Radhakrishan, et al., v. Yury Gampel, et al.*, CV-20-00176-PHX-GMS (D. Ariz). The *qui tam* action was filed against various Modern Vascular affiliates, including the Debtor.

reach a resolution that will preserve operations for the benefit of all creditors, the Debtor's employees, the patients and the respective communities served.

Main Legal Disputes Facing the Debtor?

Negotiation with its landlord, and the DOJ Lawsuit.

Debtor's Estimate Regarding Timing for Confirmation of a Plan?

Unknown at this time.

Is the debtor a "health care business" as defined in 11 U.S.C. § 101(27A)?

No.

Is the debtor a small business debtor as defined in 11 U.S.C. § 101(51D)?

Yes.

Is this case a single asset real estate case as contemplated in 11 U.S.C. §101(51B)?

No.

Has the debtor complied with all of its duties under 11 U.S.C. §§ 521, 1106, 1107, F.R.B.P. 1007 and all applicable guidelines of the Office of the United States Trustee?

The Debtor believes it is in substantial compliance with applicable guidelines. The Debtor has submitted its seven-day package and a supplement thereto. The Debtor attended its initial debtor interview. The Debtor attended its Section 341a meeting of creditors, which has been continued to July 13, 2023. The Debtor is working on preparing a cash flow statement and addressing any additional outstanding items due to the United States Trustee.

Do any parties claim an interest in cash collateral of the debtor? Is the debtor using cash that any party claims as its cash collateral, and if so, on what date did the debtor obtain an order authorizing the use of such cash or the consent of the party?

No.

The identity of all professionals retained or to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the dates on which orders were entered regarding such applications (if any), and a general description of the services to be rendered by each such professional. The initial status report should include an estimate of the expected amount of compensation for each professional.

On June 2, 2023, Debtor filed an application to employ Levene Neale Bender Yoo & Golubchik L.L.P. as general bankruptcy counsel. Retainer: $50,000.

Evidence regarding projected income, expenses, and cash flow.  In the initial status report, this should cover the first six months of the case and contain a comparison to actual results for the 12 months preceding the filing of the case.

The Debtor is in the process of preparing a cash flow statement for pre-petition activities. The Debtor has prepared a 6 month cash flow projection for the period of May 15, 2023 – October 15, 2023, which is attached as **Exhibit 1** hereto.  The projections assume a reduction of rent obligations starting in July 2023.

Proposed deadlines for the filing of claims and objections to claims.

The bar date for general claims is set at July 24, 2023 and the bar date for government claims is November 13, 2023.

A discussion of the unexpired leases and executory contracts to which the debtor is a party, including the debtor's intentions, a proposed timetable for addressing such leases and contracts, and the status of those efforts.

The Debtor is in the process of renegotiating its lease at the Property. The Debtor also is listed as the lessee for a lease of real property located at 4650 E. Cotton Center Blvd., Suite 155, Phoenix, Arizona 85040. The Debtor is not occupying or using the Arizona space and intends to file a motion to reject that lease immediately and/or enter into a stipulation with the Arizona landlord regarding rejection of that lease.

Whether the debtor anticipates the sale of any estate assets by motion or in connection with a plan.

Not at this time.

Proposed deadline for the filing of a disclosure statement and plan, as well as a description any progress made towards developing and/or negotiating a plan.

The Debtor does not have a specific timeline for proposing a plan, except that, the Debtor intends to file a plan within 90 days of the Petition Date.

Dated: June 13, 2023

LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.

By: *_/s/ Krikor Meshefejian_*
DAVID B. GOLUBCHIK
KRIKOR MESHEFEJIAN
LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
Proposed Counsel for Chapter 11 Debtor
and Debtor-in-Possession

# Exhibit 1

**Nobility Management Company**

**Projected weekly cash flow: May 15 - October 15, 2023**

| | | Starting Bank Balance | **$ 60,420.10** |
|---|---|---|---|
| **Week Starting:** | **(+)** | **(-)** | |
| | **Plus (revenue)** | **Minus (expenses)** | **Runing Bank Balance** |
| 5/15/2023 | | $ 16,350.00 | 44,070.10 |
| 5/22/2023 | $ 116,000.00 | $ 80,702.00 | 79,368.10 |
| 5/29/2023 | $ 116,000.00 | $ 56,263.00 | 139,105.10 |
| 6/5/2023 | | $ 64,100.00 | 75,005.10 |
| 6/12/2023 | $ 116,000.00 | $ 70,741.23 | 120,263.87 |
| 6/19/2023 | $ 102,000.00 | $ 64,100.00 | 158,163.87 |
| 6/26/2023 | | | 158,163.87 |
| 7/3/2023 | | $ 119,136.00 | 39,027.87 |
| 7/10/2023 | $ 102,000.00 | | 141,027.87 |
| 7/17/2023 | $ 102,000.00 | $ 64,100.00 | 178,927.87 |
| 7/24/2023 | | $ 55,036.55 | 123,891.32 |
| 7/31/2023 | | | 123,891.32 |
| 8/7/2023 | | $ 64,100.00 | 59,791.32 |
| 8/14/2023 | $ 102,000.00 | $ 55,036.55 | 106,754.77 |
| 8/21/2023 | $ 102,000.00 | $ 64,100.00 | 144,654.77 |
| 8/28/2023 | | | 144,654.77 |
| 9/4/2023 | | $ 64,100.00 | 80,554.77 |
| 9/11/2023 | $ 116,000.00 | $ 55,036.55 | 141,518.22 |
| 9/18/2023 | $ 116,000.00 | $ 64,100.00 | 193,418.22 |
| 9/25/2023 | | | 193,418.22 |
| 10/2/2023 | | | 193,418.22 |
| 10/9/2023 | $ 116,000.00 | $ 64,100.00 | 245,318.22 |

| **Base Collections (Estimate)** | **$2,550,000** | Percentage of Collections | **8%** |
|---|---|---|---|
| **Expenses** | **Monthly Amount** | **Notes** | |
| Rent Calabasas | $ 27,646.23 | $11,941 Starting July 5 | |
| Janitorial | $ 1,700.00 | | |
| Payroll (incl. tax, ben) | $ 128,000.00 | | |
| Health Ins. | $ 19,200.00 | | |
| IT | $ 1,191.00 | | |
| Postage | $ 2,761.00 | | |
| Water | $ 102.71 | | |
| Supplies | $ 1,651.00 | | |
| Workers Compensation | $ 1,800.00 | | |
| General Liability | $ 303.34 | | |
| Dues & Subscriptions | $ 16,350.00 | ECW, Phoenix NAP, Trizetto | |
| Bank Fees | $ 139.84 | | |
| **TOTAL** | **$ 200,845.12** | | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **Subchapter V Status Report** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 13, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Russell Clementson russell.clementson@usdoj.gov
- Cory Fein cory@coryfeinlaw.com
- Craig S Ganz ganzc@ballardspahr.com, BKTDocket_West@ballardspahr.com;hartt@ballardspahr.com
- David B Golubchik dbg@lnbyg.com, stephanie@lnbyb.com
- Stella A Havkin stella@havkinandshrago.com, shavkinesq@gmail.com
- Krikor J Meshefejian kjm@lnbyg.com
- Michael S Myers myersm@ballardspahr.com, BKTDocket_West@ballardspahr.com;PHXLitLAAs@ballardspahr.com
- Mary A Schmergel mary.schmergel@usdoj.gov
- Mark M Sharf (TR) mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **June 13, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Buchalter
Attn: Glen B. Hotchkiss
15279 N. Scottsdale Road, Suite 400
Scottsdale, AZ 85254-2659

☒ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 13, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 13, 2023 | Rebecka Merritt | */s/ Rebecka Merritt* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-1
Case 1:23-bk-10657-MB
Central District of California
San Fernando Valley
Tue Jun 13 13:23:29 PDT 2023

Employment Development Dept.
Bankruptcy Group MIC 92E
P. O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P. O. Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

(p)OFFICE OF FINANCE CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL
LOS ANGELES CA 90012-3224

Nobility Management, LLC
26025 Mureau Rd., Suite 110
Calabasas, CA 91302-3183

Securities & Exchange Commission
444 South Flower St., Suite 900
Los Angeles, CA 90071-2934

United States of America
Department of Justice
1100 L St NW
Washington, DC 20005-4035

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

Alice Towwnsend
Marla Hormington/Lennie Bollinger
212 East Virgiiia St.
McKinney, TX 75069-4328

Anderson Banta Clarkson PLLC, IOLTA
48 N. MacDonald
Mesa AZ 85201-7329

Bosma Dairy North, LP
13805 Ave. 160, PO Box 1085
Tipton, CA 93272-1085

Calmur, LLC
4924 BALBOA BLVD, Ste 547
Encino, CA 91316-3402

Cotton Center Corporate Office LLC
4650 E. Cotton Center Blvd. Suite 155
Phoenix, AZ 85040-4803

EM-PAAK Properties, LLC
4143 Rider Trail North
Earth City, MO 63045-1102

Fort Worth Vascular
Specialists Corp
5750 Stratum Dr
Fort Worth, TX 76137-2757

Franchise Tax Board
Special Procedures - Insolvency
P.O. Box 2952
Sacramento, CA 95812-2952

Frank Garcia
Attn: 5tephen R Marshall
509 Roma Avenue
Albuqerque, NM 87102

Gampel Holdings, LP
19790 H. Dixie Hwy Suite 901
Miami, FL 33180

Greenberg Traurig, LLP
1144 15th Street #3300
Denver, CO 80202-2587

Houston Vascular
specialists Corp.
7103 South Peek Rd. #300
Richmond, TX 77407-3505

Indianapolis Vasculr
Specialists Cprp.
8704 N. Meridian St
Indianapolis, IN 46260-2331

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Iron Mountain
Po Box 601002
Pasadena, CA 91189-0002

Kansas City Vascular
Specialists Corp PA
5320 College Bl
Leawood, KS 66211-1621

Kentucky Vascular
Specialists, PLLC
2000 S. Hurstbourne Pkwy
Louisville, KY 40220-4207

Lexington Affiliates, LP
3109 N. St. Mary’s St
San Antonio, TX 78212-3536

MFS Properties, Inc.
923 S. Bayview Street, Suite 100
Seattle, WA 98134-2093

Malibu Canyon Plaza LLC
C/O 1st Commercial Realty Group Inc
2009 Porterfield Way
Upland, CA 91786-2196

Modern Vascular - Navajo, LLC
7800 Constitution Ave. NE
Albuquerque, NM 87110-7552

Modern Vascular Institute, LLC
2919 S Ellsworth Rd #115
Mesa, AZ 85212-2165

Modern Vascular Management - West
19790 W. Dixie Hwy. Suite 901
Miami, FL 33180-2298

Modern Vascular of Denver LLC
9461 Huron St
Denver, CO 80260-5426

Modern Vascular of Fairfax, LLC
2812 Old Lee Highway Building, 100-
Fairfax, VA 22031-4315

Modern Vascular of Ft. Worth, LLC
55 Physicians Lane
Southhaven, MS 38671-9569

Modern Vascular of Glendale, LLC
11851 N. 51st Ave #G110
Glendale, AZ 85304-2828

Modern Vascular of Mesa, LLC
535 E McKellips Rd STE 111
Mesa, AZ 85203-2525

Modern Vascular of Mission City
19790 W. Dixie Hwy #901
Miami, FL 33180-2298

Modern Vascular of San Antonio LLC
718 Lexington Avenue
San Antonio, TX 78212-4768

Modern Vascular of Southaven LLC
55 Physicians Lane
Southaven, MS 38671-9569

Modern Vascular of Sun City, LLC
14780 W. Mountain View Blvd.
Suite 120
Surprise, AZ 85374-7280

Modern Vascular of Tucson, LLC
2171 W Orange Grove Rd.
Tucson, AZ 85741-3118

PSGMV, LLC
2402 N. 179th Street
Omaha, NE 68116-2266

(p)DE LAGE LANDEN FINANCIAL
ATTN LITIGATION & RECOVERY
1111 OLD EAGLE SCHOOL ROAD
WAYNE PA 19087-1453

Paramount Commercial Realty, LLC
401 Ryland St, STE 200A
Reno, NV 89502-1643

Phoenix NAP
Attn: Acounts Receivable
PO Box 51514
Los Angeles, CA 90051-5814

Pitney Bowes Global
Financial Services
PO Box 371887
Pittsburgh, PA 15250-7887

Pitney Bowes Purchase Power
PO Box 371874
Pittsburgh, PA 15250-7874

Rabia, LLC  Jilani Properties, LLC
12 Arundel Drive
Hayward, CA 94542-7902

Reviewsnap
Dept LA 24612
Pasadena, CA 91185-0001

Rex Nederend Family Trs dtd 3/17/94
12718 Road 144
Tipton, CA 93272-9535

Rosalind Debonis
Attn: H. Christian Bode
7373 East Doubletree Ranch Rd.
Scottsdale, AZ 85258-2035

San Antonio Vascular
9819 Huebner Rd. Bldg. 4
San Antonio, TX 78240-3253

San Antonio Vascular Specialists Co
9819 Huebner Rd Bldg. 4
San Antonio, TX 78240-3253

Steven Kessler
Attn: Adrian O. Vega
4110 Cutler Ave. NE #100
Albuquerque, NM 87110-4080

Theodore Tafoya and Ann Tafoya
Attn: Mark E. Komer
P.O. Box 5098
Santa Fe, NM 87502-5098

Trizetto Provider Solutions
PO Box 734743
Chicago, IL 606734743

Turner Island AZ, LLC
1269 West I Street
Los Banos, CA 93635-3930

U.S. Trustee  San Fernando  Valley
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017-3560

United States Attorney - Arizona
Attn: Brian Boynton
40 North Central Avenue, Suite 1800
Phoenix, AZ 85004-0932

United States Department of Justice
Attn: Mary A. Schmergel
Civil Div. 1100 L Street Room 70012
Washington, DC 20005-4035

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Victoria Garcia
Attn: Cynthia A. Braun
2169 East Warner Road, Suite 104
Tempe, AZ 85284-3500

Vladimir Zeetser and Julia Zeetser
Attn: Nathan D. Meyer
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025-1052

Wells Fargo Vendor Financial Services, LLC
1010 Thomas Edison Blvd SW
Cedar Rapids, IA 52404-8247

(p)WESTERN ALLIANCE BANK
1 EAST WASHINGTON STREET
STE 1400
PHOENIX AZ 85004-2559

William Pilkin
Attn: Andy Scholl
6739 Academy Suite 234
Albuquerque, NM 87109-3357

Yury Gampel
19790 W. Dixie Hwy Suite 901
Miami, FL 33180-2298

eClinicalWorks, LLC
PO Box 847950
Boston, MA 02284-7950

David B Golubchik
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2645

Krikor J Meshefejian
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2645

(p)MARK SHARF
6080 CENTER DRIVE SUITE 600
LOS ANGELES CA 90045-1540

Russell Clementson
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017-3560

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

L.A. County Tax Collector
Bankruptcy Unit
P.O. Box 54110
Los Angeles, CA 90051-0110

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

Internal Revenue Service
Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

Pacific Office Automation
PO Box 41602
Philadelphia, PA 19101

Western Alliance Bank
3033 West Ray Road
Chandler, AZ 85226

Mark M Sharf (TR)
6080 Center Drive #600
Los Angeles, CA 90045

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Calmur, LLC

(u)SCF RC Funding I, LLC

(u)SCF RC Funding I LLC
902 Carnegie Center Blvd., Ste 520
NJ 08450

(u)Cory Fein

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 73 |
| Bypassed recipients | 4 |
| Total | 77 |

U.S Trustee – Subchapter V Trustee

Mark M Sharf (TR)
6080 Center Drive #600
Los Angeles, CA 90045
818-961-7170

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811